(1 App. Div. 245.)

MULLER et al. v. WAHLER.

(Supreme Court, Appellate Division, Second Department. February 4, 1896.)

PARTIES—BRINGING IN NEW DEFENDANTS.

The complaint in an action to declare that plaintiffs were not personally liable on an agreement signed by them as individuals alleged that the agreement purported to be made between defendant and an association of which plaintiffs were officers; that, when plaintiffs signed it, they in- tended to act only as such officers; and that defendant had sued them on

the agreement. The answer did not deny any of the allegations of the complaint, but merely alleged the pendency of another action. *Held* that, as plaintiffs' only interest in the controversy was to relieve themselves from liability, they were not entitled to an order bringing in the association as a defendant.

Appeal from city court of Brooklyn, special term.

Action by August Muller, Adolph Neef, and Theodore P. Fritz against Kasper Wahler to reform a contract. From an order denying a motion by plaintiffs to bring in the Wyckoff Heights Improvement Association for Queens County as a party defendant, plaintiffs appeal. Affirmed.

Argued before BROWN, P. J., and PRATT, BARTLETT, and HATCH, JJ.

M. Hallheimer, for appellants.

Walter G. Rooney, for respondent.

CULLEN, J. This is an appeal from an order made by the city court of Brooklyn denying plaintiffs' motion to bring in the Wyckoff Heights Improvement Association for Queens County as a party defendant to the action. The complaint charged that the plaintiffs had signed their names as individuals to an agreement purporting to be made between the association and the defendant, while it was in truth intended that they should sign only as officers of the association; that defendant had brought an action against them on such agreement; and demanded as relief that the contract be reformed, and that it be adjudged and declared that the plaintiffs did not enter into said contract individually. The defendant answered, denying no allegation of the complaint, but pleading only the pendency of another action.

It may be conceded that the plaintiffs should originally have made the association a party defendant. It may also be that the defendant could insist that no judgment should be made relieving the plaintiffs from liability on the contract unless at the same time it imposed such liability on the association. But the defendant has taken no such objection. He does not complain of the absence of the society as a party to the action. In fact, he admits the allegation that the plaintiffs simply intended to sign it, not individually, but as officers. The only interest that the plaintiffs have in this controversy is to clear their own skirts from liability on the contract, not to impose the obligations of the contract on any one else. Therefore, as the defendant does not complain, the plaintiffs have no right to bring in the society.

The order appealed from should be affirmed, with costs. All concur.